# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| ROBERTA URENA,<br><br>    Plaintiff,<br><br>    vs.<br><br>SCHINDLER ELEVATOR CORPORATION and COLUMBIA SUSSEX,<br><br>    Defendants. | 3:15-CV-00223-JWS<br><br>**ORDER CERTIFYING QUESTION<br>TO THE ALASKA SUPREME COURT** |

Pursuant to the request of Plaintiff, the Court has considered whether to exercise its discretion to certify a question of Alaska state law to the Alaska Supreme Court under Alaska Appellate Rule 407(a). Under the rule, this court may certify to the Alaska Supreme Court a question of state law "which may be determinative of the cause then pending in [this court] and as to which it appears to [this court] there is no controlling precedent in the decision of the supreme court of this state."[1] "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court."[2]

---

[1] Alaska R. App. P. 407(a).

[2] *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

-1-

**DISCUSSION**

This lawsuit arises out of an elevator malfunction that occurred on September 21, 2013, at the Hilton Hotel in downtown Anchorage. Plaintiff Roberta Urena was the sole passenger in the Hilton elevator when it made an unexpected safety stop. Plaintiff alleges that the elevator plunged in a free fall for eight floors before coming to a stop. Plaintiff was trapped in the elevator between the fifth and sixth floors and had to be extracted by the Anchorage Fire Department. She alleges that she suffered injuries because of the fall. Defendants Schindler Elevator Corporation, the entity which maintained the subject elevator at the time of the incident, and Columbia Sussex, the owner of Hilton Hotel and its elevators, acknowledge that there was an unexpected emergency stop but dispute that the elevator did a free fall and dispute the distance the elevator dropped during the stop.

Plaintiff argues that this court should treat Defendants as "common carriers" thereby subjecting them to a higher standard of care in relation to their elevator passengers. She notes that the Alaska Supreme Court has applied the heightened standard to airline operators.[3] In doing so, the Court reasoned that "a general duty of due care instruction is inadequate with respect to common carriers transporting passengers for hire."[4] Plaintiff asserts that while the Supreme Court has not articulated a test for determining whether a defendant is a common carrier, elevators are akin to airplanes because passengers of each "are completely at the mercy of the carrier and are entitled to assume that the highest degree of care is being taken for their safety."[5] Given the similar vulnerabilities between an airline passenger and an elevator passenger, Plaintiff argues that Alaska law would treat Defendants as common carriers.

---

[3] *Widmyer v. Se. Skyways, Inc.*, 584 P.2d 1 (Alaska 1978).

[4] *Id*. at 5.

[5] *Id.* (discussing why airline passengers are owed a heightened duty of care).

1  Defendants argue that the Alaska Supreme Court has limited the common carrier
2  heightened standard of care to the context of an airline and its passengers and would
3  not extend its application any further. In support they cite *State v. Johnson*[6] where the
4  Alaska Supreme Court explained that a heightened standard of care does not
5  categorically apply to situations where the plaintiff and the defendant have a relationship
6  that is comparable to an airline and its passengers.[7] They argue the appropriate
7  standard of care under Alaska law is simply that the defendant exercise care that is
8  reasonable and prudent under the circumstances.[8]

9  Defendant also points to AS 05.20.010 in support of their argument. In that
10 statute, the state legislature declared that an owner or operator of ski equipment and
11 devices, as defined in AS 05.20.120, "is not considered a common carrier."[9] A "device"
12 under AS 05.20.120 includes those items "designed and operated for the conveyance or
13 movement of persons and that is used as a source of or aids in the promoting of
14 entertainment, pleasure, play, relaxation, or instruction including but not limited to ski
15 tows, roller coasters, merry-go-rounds, and Ferris wheels."[10] Defendants assert that
16 elevators are more akin to these ski "devices" than to airplanes.

17 The issue of common carrier liability for elevator owners has been decided in a
18 number of other states. As outlined by the Maryland Court of Special Appeals in *John*
19 *Hopkins Hospital v. Correia*,[11] 21 states, including four states within the Ninth Circuit,
20 have concluded that elevator owners are held to the standard of care of common

---

[6] 2 P.3d 56 (Alaska 2000).

[7] *Id.* at 60 n.15

[8] *Id.* 60.

[9] AS 05.20.010.

[10] AS 05.20.120.

[11] 921 A.2d 837 (Md. Ct. Spec. App. 2007).

carriers, and 14 states, including three other states within the Ninth Circuit, have held that elevator owners are held to an ordinary care standard.[12]

In the absence of controlling precedent by the Alaska Supreme Court, this court would normally attempt to predict how the Alaska Supreme Court would resolve the issue based upon related case law. However, it is difficult to predict state law in this instance given the Alaska Supreme Court's existing case law on standards of care, the legislature's enactment of AS 05.20.010, and the split among other states. This uncertainty, combined with the fact that the standard of care could be determinative, leads the court to conclude that it is presented with a rare instance where certification of the issue under Alaska Appellate Rule 407(a) is appropriate. Accordingly, this Court respectfully requests the Alaska Supreme Court to answer the certified questions presented.

## **CERTIFIED QUESTIONS**

Pursuant to Alaska Rule of Appellate Procedure 407(a), the United States District Court for the District of Alaska respectfully requests the Alaska Supreme Court to answer the following certified questions of Alaska law:

> Whether the duty of care owed to elevator passengers by an elevator owner is that of a common carrier or that which is reasonable and prudent under the circumstances.?
>
> Whether the duty of care owed to elevator passengers by a company that provides services and maintenance to elevators is that of a common carrier or that which is reasonable and prudent under the circumstances?

The Alaska Supreme Court's answer to these related questions may be determinative of Plaintiff's claim in this case. The Alaska Supreme Court may, in its discretion, answer these questions in any form that it chooses.

---

[12] *Id.* at 841-44.

## **CONCLUSION**

The parties shall notify this court whether the Alaska Supreme Court accepts the certified question in a joint report to be filed within 7 days of the Alaska Supreme Court's decision.

The Clerk of Court shall provide a signed copy of this order under the official seal of the United States District Court for the District of Alaska. The Clerk of Court shall also provide a copy of the record in this case, in whole or in part, to the Alaska Supreme Court upon request.

DATED this 3rd day of March 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT